IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-39 |
| | ) | (PHILLIPS/SHIRLEY) |
| WILLIAM WRIGHT, JR, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on June 7, 2005 for a detention hearing. Assistant United States Attorney Steven H. Cook appeared on behalf of the government. Assistant Federal Defender Jonathan A. Moffatt represented the defendant, who was also present.

At the beginning of the hearing, defense counsel made an oral motion to continue the June 22, 2005 trial date. He stated that the defendant had requested and received an extension of the motion deadline in which to file a suppression motion because counsel needed additional time to review a videotape that was relevant to the stop of the defendant. He noted that the government would soon be responding to his suppression motion and that he would need time to review this response and prepare for a hearing on the motion. He contended that the hearing and disposition of the suppression motion necessitates a continuance. He stated that acquiring a ruling on the suppression issue is in the defendant's best interest. The Court questioned the defendant who stated that he understood his right to a speedy trial and that his attorney had asked for a continuance. He

1

agreed with the need for a continuance and understood that he will remain in jail pending his new trial date.

The government agreed that a continuance of the trial was necessary. It also requested additional time to file its response to the suppression motion. Both parties agreed that all the time between the hearing and the new trial date would be fully excludable under the Speedy Trial Act.

The Court agrees with the defendant that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Noting the approaching June 22, 2005 trial date, the Court finds that the failure to grant a continuance would deprive the defendant of time to pursue his suppression motion, which is presently pending. See 18 U.S.C. § 3161(h)(1)(F). Once the government files a response to this motion, the Court will need to hold a hearing on it. Following the hearing, the Court will need time, not to exceed thirty days, to prepare a Report and Recommendation to the District Court on the motion. See 18 U.S.C. § 3161(h)(1)(J). Following the filing of the Report and Recommendation, the parties need time to file any objections, and the District Court will need time to rule upon the report and those objections. Finally, the parties will need time to prepare for trial in light of the ruling on the suppression issues. The Court finds that all of this could not take place before the June 22, 2005 trial date or in less than three months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

The defendant's oral motion to continue the trial is **GRANTED**, and the trial of this matter is reset to **September 14, 2005**. The Court also finds, and the parties agreed, that all the time

2

between the June 7, 2005 hearing and the new trial date of September 14, 2005, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), (J), and (h)(8)(A)-(B). With regard to further scheduling, the government's request for an extension of time to file a response to the suppression motion is **GRANTED**. Its response is due on or before **June 16, 2005**. The parties are to appear for a hearing on the Motion to Suppress Evidence [Doc. 13] on **June 30, 2005, at 10:00 a.m.** No additional pretrial conference was set in this case.

Accordingly, it is **ORDERED**:

(1) The defendant's oral motion to continue the trial is **GRANTED**;

(2) The trial of this matter is reset to commence on **September 14, 2005**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the **June 7, 2005** hearing, and the new trial date of **September 14, 2005**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The government's deadline to respond to the suppression motion is extended to **June 16, 2005**; and

(5) The Court has set a hearing on the suppression motion on **June 30, 2005, and 10:00 a.m.**

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3