UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WILLIAM WRIGHT, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:05-CR-39-TWP-CCS-1 |
| | ) | 3:16-CV-637-TWP |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 57]. He bases the request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition on January 17, 2017 [Doc. 64]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. The Court is also in possession of Petitioner's request to hold the case in abeyance pending authorization from the Sixth Circuit [Doc. 54]. For the reasons below, Petitioner's request to hold the action in abeyance will be **DENIED as moot** and § 2255 motion will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.    BACKGROUND**

In 2005, Petitioner pled guilty to three counts of possessing a firearm as a felon, all in violation of 18 U.S.C. §§ 922(g)(1) [Doc. 33]. Based on three prior Florida robbery convictions, the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's fifteen-year mandatory minimum sentence [Presentence Investigation Report (PSR) ¶¶ 19, 28, 32, 33]. In accordance with that designation, this Court sentenced Petitioner to 180 months'

imprisonment on January 17, 2006 [Doc. 33].  Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence on April 3, 2007 [Doc. 38].  He did not seek a writ of certiorari.

On October 29, 2008, Petitioner filed a motion to vacate, set aside, or correct his sentence [Doc. 45].  This court denied that motion in a Memorandum Opinion and Judgment Order entered on February 28, 2012 [Docs. 50, 51].  The Supreme Court issued the *Johnson* decision on June 26, 2015, and Petitioner requested leave to file a successive petition based on that decision.  On November 2, 2016, this Court received the instant challenge to Petitioner's ACCA designation in light of the *Johnson* decision [Doc. 57].  The Sixth Circuit has authorized the filing [Doc. 56].

## II. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).  Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)).  He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added).  The provision defines "serious drug offense" as any "offense under State law,

involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Act goes on to define "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). For purposes of § 924(e)(B)(2)(i), "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010). Only the residual clause was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015). Nor does *Johnson* disrupt the use of a prior serious drug offense as an independent form of ACCA predicate conviction. *See*, *e.g., United States v. Smith*, No. 10-CR-20058, 2015 WL 5729114, at *9–13 (E.D. Mich. Sept. 20, 2015) (noting that *Johnson* does not affect categorization as an armed career criminal based on prior serious drug offenses).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in alternative, "violent felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (denying petition where conviction qualified as a predicate offense independent of the residual clause), *overruled on other grounds by Mathis v.*

*United States*, 136 S. Ct. 2243, 2251 n.1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

Review of Petitioner's PSR reveals that at least three of his prior convictions remain violent felonies independent of the now-defunct residual provision.[1] Specifically, all three of his Florida robbery convictions qualify as predicates under the ACCA's use-of-physical-force clause.

For purposes of § 924(e)(2)(B)(i), "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010). Any level of force is sufficient so long as it is capable of causing any injury, "regardless of [the injury's] gravity or duration." *United States v. Evans*, 699 F.3d 858, 863 (6th Cir. 2012). The Court must look to the "minimum conduct criminalized" to determine whether Florida robbery categorically involves force sufficient to satisfy the use-of-physical-force clause. *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013).

At the time that Petitioner committed the offenses—1988 and 1992 [PSR ¶¶ 28, 32, 33], Florida defined robbery as "the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to enter permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear." Fla. Stat. § 812.13(1). Because

---

[1] Petitioner does not contest the accuracy of the information contained in his presentence report, but only the propriety of the Court's decision to use the offenses listed as grounds for ACCA enhancement.

Florida law requires that the money or property taken be in the possession or custody—defined as "sufficiently under the victim's control so that the victim could have prevented the taking if she had not been subjected to violence or intimidation by the robbery," *Jones v. State*, 652 So. 2d 346, 350 (Fla. 1995); *see also Magnotti v. State*, 842 So. 2d 963, 965 (Fla. 4th Dist. App. 2003) ("[T]he fear contemplated by the statute is the fear of death or great bodily harm.")—of the person robbed, violations of Florida Statute § 812.13(1) invariably involve at minimum a threatened use of violent force, i.e., force capable of causing physical pain or injury. *See United States v. Fritts*, 841 F.3d 937, 939 (11th Cir. 2016) (holding that Florida robbery categorically qualifies as an ACCA predicate under the use-of-force clause); *United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011) (holding that Florida robbery qualifies as a crime of violence under the Guidelines use-of-physical-force clause); *United States v. Dowd*, 451 F.3d 1244, 1255 (11th Cir. 2006) (concluding "without difficulty" that Florida armed robbery categorically qualifies as an ACCA predicate under the use-of-force-clause); *Hunter v. United States*, No. 3:16-cv-396-RLJ, 2016 WL 7156536, at *4 (E.D. Tenn. Dec. 7, 2016) (finding that Florida robbery categorically involves violent force).[2] Because at least three of his convictions remain violent felonies, Petitioner is not entitled to relief.

IV.  **CONCLUSION**

For the reasons discussed above, Petitioner's request to hold the action in abeyance pending Sixth Circuit authorization [Doc. 54] will be **DENIED as moot** and successive § 2255 motion

---

[2]  The Court recognizes that at least one form of robbery in Florida—robbery by sudden snatching, Fla. Stat. § 812.131—only qualified as a violent felony under the ACCA residual clause. *United States v. Jackson*, No. 2:14-cr-48-RLJ, 2015 WL 128129, at *1 (E.D. Tenn. Jan. 8, 2015). This fact is inapposite to the instant case for two reasons. First, the statute criminalizing robbery by sudden snatching was not enacted until 1999—several years after Petitioner's 1988 and 1992 convictions under § 812.13(1). Second, unlike violations of § 813.131, violations of § 813.13(1) require "more force than a sudden snatching." *United States v. Jenkins*, No. 15-14809, 2016 WL 3101281, at *5–6 (11th Cir. June 2, 2016) (citing *Robinson v. State*, 692 So.2d 883 (Fla. 1997).

5

[Doc. 57] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

    s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE