IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| WILLIAM WRIGHT, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:05-CR-39 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Motion for Relief from Judgment Pursuant to Rules 60(b)(1) and 60(b)(6) [doc. 69]. The government has not responded, and the time for a response has long passed. *See* E.D. Tenn. L.R. 7.1(a). For the reasons below, Petitioner's Rule 60(b) motion [doc. 69] is **DENIED**.

I. **BACKGROUND**

In 2005, Petitioner pled guilty to three counts of possessing a firearm as a felon, all in violation of 18 U.S.C. §§ 922(g)(1). [Doc. 33]. Based on three prior Florida robbery convictions, the United States Probation Office classified Petitioner as an armed career criminal subject to the Armed Career Criminal Act's ("ACCA") fifteen-year mandatory minimum sentence. [Presentence Investigation Report ("PSR") ¶¶ 19, 28, 32-33]. Based on this designation, the Court sentenced Petitioner to 180 months' imprisonment on January 17, 2006. [Doc. 33]. Petitioner appealed, but the Sixth Circuit affirmed his

convictions and sentences on April 3, 2007. [Doc. 38]. Petitioner did not seek a writ of certiorari.

On October 29, 2008, Petitioner filed a motion to vacate, set aside, or correct his sentence. [Doc. 45]. This Court denied that motion on February 28, 2012. [Docs. 50, 51]. Thereafter, the Supreme Court issued its opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015), holding that the residual clause of the ACCA was unconstitutionally vague, on June 26, 2015. Petitioner requested leave to file a second or successive § 2255 motion based on that decision. The Sixth Circuit authorized a second or successive filing. [Doc. 56].

On November 2, 2016, Petitioner's second or successive § 2255 motion was filed in this Court, raising one claim: that his ACCA-enhanced sentence was unconstitutional in light of *Johnson*. [Doc. 57]. The Court ordered the government to respond, and later granted an extension of time, up to January 13, 2017, for the government to respond. [Docs. 58, 60]. Before the government responded, the federal public defender entered an appearance on behalf of Petitioner. [Doc. 61]. On January 17, 2017, the government responded in opposition to Petitioner's § 2255 motion. [Doc. 64]. The record indicates that, on February 16, 2017, the Court received a letter, addressed to Petitioner's defense attorney, and the Court forwarded the letter to the federal defender's office.

This Court ultimately concluded that Florida robbery remains a violent felony under the ACCA's use-of-physical-force clause. [Doc. 65]. Accordingly, on April 10, 2017, the Court denied Petitioner's § 2255 motion on the merits. [*Id.*]. On May 1, 2017, Petitioner

filed a "reply" to the government's response to his § 2255 motion, as well as the instant Rule 60(b) motion. [Docs. 68, 69].

## II. ANALYSIS

In the instant Rule 60(b) motion, Petitioner asserts that the Clerk of Court erroneously failed to file his letter, addressed to his defense counsel, as a reply to the government's response. [Doc. 69 at 2]. Petitioner further asserts that his counsel's failure to file a timely reply in opposition to the government's response was a denial of his procedural due process rights. [*Id*.]. In support, Plaintiff has attached a copy of the letter addressed to his defense counsel, dated January 29, 2017, in which Petitioner informs defense counsel that he has attached a reply to the government, and asks counsel to edit the reply with any additional arguments. [*Id*. at 7]. Alternatively, Petitioner requested that counsel notify him if she could no longer assist him, so that he could file the reply *pro se*, or for counsel to submit the *pro se* reply to the Court on his behalf. [*Id*.].

In addition to the instant Rule 60(b) motion, Petitioner has filed what appears to be the *pro se* reply brief that he allegedly asked counsel to file on his behalf. [Doc. 68]. In his reply, Petitioner asserted that the *Fritts*[1] and *Seabrooks*[2] decisions, on which the government's response relied, were distinguishable because those cases involved convictions for armed robbery, as opposed to ordinary robbery. [*Id*. at 2-3]. Petitioner further argued that, at the time of two of his convictions, the least culpable act criminalized

---

[1] *United States v. Fritts*, 841 F.3d 937, 939 (11th Cir. 2016).

[2] *United States v. Seabrooks*, 839 F.3d 1326, 1339 (11th Cir. 2016).

3

under the Florida robbery statute was "robbery by sudden snatching," which only qualified as a violent felony under the ACCA's residual clause. [*Id*. at 5].

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for specific reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud, misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A party seeking relief under Rule 60(b) must show the applicability of the Rule. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). Determination of a Rule 60(b) motion is within the discretion of the court. *H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976). "However, relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal quotation marks omitted). Thus, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted).

Excusable neglect under Rule 60(b)(1) encompasses situations in which the failure to comply with a filing deadline is attributable to negligence. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 394 (1993). When a party seeks relief under Rule 60(b)(1), the court must look at the following circumstances to determine whether relief is appropriate: "the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith." *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006). In making this determination, courts apply three factors: (1) culpability, that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense. *Gumble v. Waterford Township*, 171 F. App'x 502, 506 (6th Cir. 2006) (citing *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003)). The party seeking relief "must first demonstrate a lack of culpability before the court examines the remaining two factors." *Gumble*, 171 F. App'x at 506.

Subsection (6) of Rule 60(b) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Blue Diamond Coal Co.*, 249 F.3d at 524 (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Rule 60(b)(6) will apply only in "unusual and extreme situations where principles of equity *mandate* relief." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (emphasis in original).

Initially, the Court finds that Petitioner has not stated a valid reason for relief from judgment under Rule 60(b). The Clerk of Court did not err in forwarding a letter, addressed to Petitioner's counsel, directly to counsel, rather than filing such letter on the public docket

5

in this case. Based on the contents of the letter, which Petitioner has provided, it is clear that Petitioner sought to discuss the merits of certain arguments with his counsel, and thus, it was entirely reasonable for the Clerk of Court to conclude that the letter was intended as a private communication between Petitioner and his counsel. Accordingly, the Clerk of Court acted appropriately in forwarding the letter to Petitioner's counsel.

Moreover, to the extent that Petitioner asserts that his counsel failed to file a reply brief on his behalf, this claim is properly classified as a claim of ineffective assistance of counsel, rather than a claim of procedural due process. In light of Petitioner's *pro se* status, the Court will construe the claim as one of ineffective assistance. Assuming, without deciding, that counsel's performance was deficient, *see Strickland v. Washington*, 466 U.S. 668 (1984), Petitioner's Rule 60(b) motion fails nonetheless, because none of the arguments raised in Petitioner's reply brief alter the Court's analysis of Petitioner's § 2255 motion.

First, Petitioner's contention that his Florida robbery convictions are distinguishable from those at issue in the Eleventh Circuit's decisions in *Fritts* and *Seabrooks*, because those cases involved prior convictions for armed robbery, is misplaced. As the *Fritts* Court noted, the 1988 version of the Florida robbery statute[3] stated that:

---

[3] As the *Fritts* Court further noted, in 1992, the Florida robbery statute was amended to add the following language: "with intent to either permanently or temporarily deprive the person or the owner of the money or other property." Nonetheless, the language regarding "the use of force, violence, assault, or putting in fear," which is the relevant language for purposes of determining whether the statute falls within the ACCA's elements clause, remained the same. *Fritts*, 841 F. 3d at 939, n.2 (citing *Seabrooks*, 839 F.3d at 1338, n.6; 1992 Fla. Laws 155, § 1).

> (1) "Robbery" means the taking of money or other property which may be the subject of a larceny from the person or custody of another when in the course of the taking there is the use of <u>force, violence, assault, or putting in fear</u>.
>
> (2) (a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.

*Fritts*, 841 F.3d at 939 (quoting Fla. Stat. § 812.13(1), (2)(a) (1987)) (emphasis in original). Accordingly, it is clear that, under the Florida robbery statute at the time of Petitioner's convictions, no distinct set of elements, or definition of the crime, existed for armed robbery, as opposed to robbery. Instead, it is the general definition of robbery under Fla. Stat. § 812.13(1) that the *Fritts* Court determined qualified as a violent felony under the ACCA's elements clause. *Id*. at 940-42 (citing *United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011) (holding, in the context of a challenge to a career offender enhancement, that the least culpable act under § 812.12(1) was "putting in fear," which satisfied the career offender guideline's elements clause, because there was no means by which a defendant could cause such fear absent a threat to the victim's person). Thus, Petitioner is incorrect in his assertion that his case is distinguishable from Eleventh Circuit precedent, because he was convicted only of robbery, rather than armed robbery.

Since this Court's denial of Petitioner's § 2255 motion, the Supreme Court has also weighed in on this issue, affirming the Eleventh Circuit's conclusion that a Florida robbery conviction qualifies as a predicate offense under the ACCA's elements clause. *Stokeling v. United States*, 139 S. Ct. 544 (2019). The *Stokeling* Court concluded that "[b]ecause the term 'physical force' in ACCA encompasses the degree of force necessary to commit

common-law robbery, and because Florida robbery requires that same degree of 'force," Florida robbery qualifies as an ACCA-predicate offense under the elements clause." 139 S. Ct. at 555. Furthermore, as to Petitioner's argument that the Florida robbery statute, at the time of his convictions, encompassed "robbery by sudden snatching," the *Stokeling* Court expressly rejected this argument, stating that, under Florida precedent, "mere 'snatching of property from another' will not suffice" to meet the standard of force required under the Florida robbery statute. *Id*. at 554-555 (citing *Robinson v. State*, 692 So.2d 883, 886 (Fla. 1997). Accordingly, the arguments raised in Petitioner's belatedly filed reply do not affect the outcome of his § 2255 motion. For this reason, even if Petitioner stated a valid claim for reconsideration under Rule 60(b), his motion nevertheless fails.

## III. CONCLUSION

Accordingly, for the reasons stated above, Petitioner's Rule 60(b) motion [doc. 69] is **DENIED**.

## IV. CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a certificate of appealability ("COA") should Petitioner file a notice of appeal. A petitioner may appeal a final order denying a § 2255 motion only if he is issued a COA, and a COA should issue only where the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(a), (c)(1)(B), (c)(2). When a claim has been dismissed on the merits, a petitioner must show that reasonable jurists would find the assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right, as jurists of reason would not debate the Court's findings as to any of Petitioner's claims. Because Petitioner has failed to make such a showing, a COA **SHALL NOT ISSUE**.

The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24(a)(3)(A).

    s/ Thomas W. Phillips
    SENIOR UNITED STATES DISTRICT JUDGE